■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO FLORES, Appellant. [713 NYS2d 352] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered May 19, 1998, convicting defendant, upon his plea of guilty, of attempted assault in the first degree, and sentencing him, as a second felony offender, to a term of 7 years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony. The People clearly established that defendant and the witness who identified him as the perpetrator had a relationship prior to the incident based on their residing in the same apartment, so that suggestiveness was not a concern (*see, People v Rodriguez*, 79 NY2d 445; *People v Tian Zhang*, 253 AD2d 693, *lv denied* 92 NY2d 1039). Concur—Sullivan, P. J., Williams, Ellerin, Wallach and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEROME PHILIP, Also Known as GEROME PHILLIP, Appellant. [713 NYS2d 351] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered June 15, 1998, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of 3 to 6 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification and credibility.

Defendant's suppression motion was properly denied. The record supports the court's finding that defendant was identified at a fair lineup. Defendant's relatively short stature did not figure prominently in the victim's description of the perpetrator, and the fact that the participants, who were otherwise similar in appearance, were seated during the lineup was sufficient to prevent defendant's height from attracting undue attention. Concur—Sullivan, P. J., Williams, Ellerin, Wallach and Friedman, JJ.